Mary E. FALSO, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 96–3283.

United States Court of Appeals,
Federal Circuit.

June 20, 1997.

Cheri L. McCracken, of Phoeniz, AZ, argued, for petitioner.

Deborah Ho, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued, for repsondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Joseph Kijewski, Assistant Director.

Before ARCHER, Chief Judge, MICHEL and PLAGER, Circuit Judges.

ARCHER, Chief Judge.

Mary E. Falso appeals the May 9, 1996 final decision of the Merit Systems Protection Board (Board), Docket No. DE–0831–95–0609–I–1, affirming the reconsideration decision of the Office of Personnel Management (OPM). We affirm-in-part, vacate-in-part and remand.

### BACKGROUND

Mary E. Falso was a registered nurse who worked for the Department of Veterans Affairs (DVA) from April 1961 until her retirement in October 1994. From January 1967 to February 1973, Ms. Falso worked part time for DVA (sixteen hours per week). When Ms. Falso was considering retirement she was repeatedly assured by DVA that her part-time service would be credited as full-

time for purposes of calculating her annuity. The computer printouts furnished to Ms. Falso by DVA, which estimated her annuity payments, reflected the part-time service as full-time. Ms. Falso asserts that she decided to retire based on these representations.

After retirement, however, Ms. Falso received notice from OPM that her annuity benefits would be approximately $300 per month less than the estimates she received from DVA. Contrary to the agency's representations, OPM credited her on a pro rata basis for her part-time service for purposes of calculating her annuity.

Ms. Falso sent a letter of protest to OPM and then a reconsideration request regarding the calculation of her annuity. OPM found that the annuity had been properly calculated. OPM concluded that the incorrect information supplied by DVA did not provide authority for payment of benefits to Ms. Falso under the Civil Service Retirement System (CSRS) to which she was not entitled.

Ms. Falso appealed to the Board claiming that the government is estopped from denying benefits and that her retirement was involuntary. The Board affirmed OPM's decision. It held that her annuity was properly calculated and that the government cannot be estopped from denying her the increased benefits claimed. The Board refused to address the merits of Ms. Falso's claim of involuntary retirement because DVA health care providers, such as Ms. Falso, may only appeal adverse actions to the Board in limited circumstances. Moreover, the Board noted that Ms. Falso improperly brought the involuntary retirement claim against OPM, rather than against DVA.

*DISCUSSION*

Our review of the Board's decision is limited to whether that decision was (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).

■ A. We affirm the Board's holding that Ms. Falso's annuity was properly calculated. Any period of service where the health care employee "served on a less-than-full-time basis shall be prorated based on the fraction such service bears to full-time service." 38 U.S.C. § 7426(b) (1994). The Board correctly held that the government cannot be estopped from denying benefits that are not permitted by law even where the claimant relied on the mistaken advice of a government official or agency. *Office of Personnel Management v. Richmond,* 496 U.S. 414, 416, 434, 110 S.Ct. 2465, 2467, 2476–77, 110 L.Ed.2d 387 (1990). Under *Richmond,* OPM is not authorized to make payments to a claimant in contravention of statutory requirements. *Id.*

We are also not persuaded by Ms. Falso's contention that OPM delegated its authority for administering the CSRS to the Secretary of Veterans Affairs. OPM exclusively is charged with administering the CSRS and adjudicating retirement claims. 5 U.S.C. § 8347(a) (1994). Although 38 U.S.C. § 503(a) (1994) gives the Secretary discretionary authority to provide monetary relief to employees who "by reason of administrative error" have not been provided with the "benefits administered by the Department," this provision is inapplicable because benefits under the CSRS are administered by OPM, not by DVA.

■ B. We vacate the Board's decision that it lacked the jurisdiction to consider Ms. Falso's involuntary retirement claim. A retirement may be found to be involuntary if it is based on misleading statements by the employing agency upon which the employee reasonably relied to her detriment. *See Scharf v. Department of the Air Force,* 710 F.2d 1572, 1575 (Fed.Cir.1983); *Oden v. Office of Personnel Management,* 58 M.S.P.R. 249, 252 (1993). Ms. Falso contends that she has alleged such a set of facts. Whether the claim can be established by Ms. Falso is for the fact finder.

As to jurisdiction, the Board correctly stated that DVA health care employees appointed under 38 U.S.C. § 7401(1) can only appeal adverse actions to the Board in limited circumstances. However, the Board erred in

concluding that its decision in *Cochran v. Department of Veterans Affairs,* 67 M.S.P.R. 167, 169–74 (1995) provides grounds for questioning whether jurisdiction is proper in this case.

In *Cochran,* the board held that it had jurisdiction over an adverse action brought by a DVA health care provider appointed under 38 U.S.C. § 7401(1) (1994) when that action is not a "major adverse action" which involves a "question of professional conduct or competence." 67 M.S.P.R. at 171–72. When a "question of professional conduct or competence" is raised, the DVA's Disciplinary Appeals Board, rather than the Merit Systems Protection Board, has exclusive jurisdiction. *Id.* Ms. Falso's claim is that her retirement was involuntary. It involves no question of professional medical conduct or competence requiring action by the DVA's specialized tribunal. Although there may be other reasons why jurisdiction is not proper in this case, the ground upon which the Board relied, *Cochran,* presents no hurdle to jurisdiction. Accordingly, we vacate the Board's determination that it lacked jurisdiction and remand this case to the Board for further proceedings consistent with this opinion.

The Board, of course, was correct in stating that Ms. Falso should have brought her involuntary retirement claim against DVA rather than OPM. *See Jackson v. Department of Health & Human Servs.,* 51 M.S.P.R. 502, 503 (1991). However, the dismissal of Ms. Falso's appeal on this basis would require the filing of a new appeal against DVA which the government has asserted in its brief would be untimely.

The Board acknowledged in its opinion that in similar circumstances it "has often forwarded the claim to the regional office or field office for docketing and adjudication as an involuntary retirement appeal against the former employing agency." In *Isabelle v. Office of Personnel Management,* 69 M.S.P.R. 176, 182 (1996), the Board held that "[i]n the interest of adjudicatory efficiency, we order the administrative judge to join the appellant's former employing agency as a party to this appeal rather than docket it as a separate appeal." *See also Oden v. Office of Personnel Management,* 58 M.S.P.R. 249, 252 (1993).

Because of the government's position that a new appeal by Ms. Falso based on alleged involuntary retirement would be untimely, and because the Board's opinion does not articulate any impediment to jurisdiction and joinder, we vacate the Board's decision and remand the case for the board to determine whether, under its precedent, to join the DVA as a party. *See Isabelle,* 69 M.S.P.R. at 182.

*AFFIRMED–IN–PART, VACATED–IN–PART* and *REMANDED.*