CLEVENGER, Circuit Judge.
 

 Dr. Iqbal M. Khan appeals from the decision of the Court of Federal Claims, dismissing his claim for money damages for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted. See
 
 Khan v. United States,
 
 No. 98-98C, slip op. at 15-16 (Fed. Cl. Nov. 19, 1998). We affirm.
 

 I
 

 Dr. Khan was employed by the Veterans Health Administration (VHA) from 1974 to 1996. In 1994, Dr. Khan requested and received from the VHA an estimate of his retirement benefits under an early retirement incentive program. His employer provided written confirmation that his base pay, for purposes of calculating annual retirement benefits, would total $123,-124. This estimate was based on a calculation of his highest three annual salaries, including 100 percent of “special pay” received pursuant to 38 U.S.C. § 7431 (1994). In 1996, Dr. Khan elected early retirement from the VHA, allegedly based on the agency’s estimate of his base pay. After he retired, however, Dr. Khan learned that his actual base pay would be only $114,443 per year, $8,681 less than that predicted by the agency, thereby reducing his anticipated annual retirement benefits.
 

 The discrepancy between the VHA’s estimate and Dr. Khan’s actual base pay derived from the special pay portion of the calculus. Under 38 U.S.C. § 7438(b)(2)(B) (1994), any special pay received by a retiring physician pursuant to 38 U.S.C. § 7431 is included in his or her retirement calculation on an incremental, pro rata basis, with 25 percent accruing for each two-year period served after 1991. Since Dr. Khan retired in 1996, he was only entitled to include 50 percent of his section 7431 special pay in the retirement calculation, contrary to the 100 percent predicted by the agency.
 

 Dr. Khan asserts that the misrepresentations of the VHA regarding his retirement benefits induced him to choose early retirement in 1995, rather than waiting, until 1997 or 1999 when he would have been entitled to a greater percentage of his special pay. He filed a complaint with the Court of Federal Claims, requesting
 
 *1377
 
 either (1) the balance of the pay he would have received had he not retired, or (2) that he be restored to his former position with service credit from the date of retirement. The Court of Federal Claims dismissed Dr. Khan’s complaint for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief could be granted.
 
 See Khan,
 
 slip op. at 15-16. Dr. Khan appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3) (1994).
 

 II
 

 A trial court’s ruling on its own jurisdiction is a question of law that we review
 
 de novo. See Moyer v. United States,
 
 190 F.3d 1314, 1317 (Fed.Cir.1999);
 
 James M. Ellett Constr. Co. v. United States,
 
 93 F.3d 1537, 1541 (Fed.Cir.1996).
 

 Properly construed, Dr. Khan’s complaint states two separate grounds for relief. In his first claim, Dr. Khan seeks damages,
 
 as a retiree,
 
 for the alleged misrepresentations of the VHA regarding the amount of his retirement pay. In his second claim, he seeks reinstatement to his former position as a VHA doctor, with service credit from the date of his retirement. We construe his second claim to be a claim for reinstatement and back pay based on involuntary retirement.
 
 See
 
 Fed. R.Civ.P. 8(f) (“All pleadings shall be so construed as to do substantial justice.”). The issue on appeal is whether the Court of Federal Claims has jurisdiction over either of Dr. Khan’s claims for monetary damages.
 

 The Court of Federal Claims cited two grounds for its lack of jurisdiction. First, it held that Dr. Khan’s claims are not cognizable under the Tucker Act because they are not based on a money-mandating statute. While we agree with this conclusion as to Dr. Khan’s first claim, we disagree that it bars Dr. Khan’s second claim of involuntary retirement. As an alternate ground, the trial court held that, because the Civil Service Reform Act (CSRA), Pub.L. No. 94-454, 92 Stat. 1138 (1978) (codified in various sections of title 5), provides an exclusive remedy for Dr. Khan’s claims, jurisdiction cannot lie in the Court of Federal Claims. We hold that the CSRA does
 
 not
 
 provide a remedy for Dr. Khan’s involuntary retirement claim. Rather, 38 U.S.C. § 7463 (1994) provides the correct avenue of relief. Nevertheless, because involuntary retirement is an adverse action specifically envisioned by the CSRA, and because 38 U.S.C. § 7463 provides an exclusive administrative remedy, we hold that the Court of Federal Claims did not err in concluding that it lacked jurisdiction to hear Dr. Khan’s involuntary retirement claim.
 

 A
 

 In his first prayer for relief, Dr. Khan seeks “all pay and allowances which he would have received had he continued in full time employment in his prior position from the date of retirement to the present, minus such retirement pay as he has presently received.” PL’s Compl. at 3,
 
 Khan v. United States,
 
 No. 98-98C (Fed. Cl. filed Feb. 6, 1998) (“Complaint”). The Court of Federal Claims held that it lacked jurisdiction to hear this claim under the Tucker Act. We agree.
 

 The Court of Federal Claims derives its jurisdiction from the Tucker Act, which gives the court “jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.” 28 U.S.C. § 1491(a)(1) (1994). The Tucker Act does not, by itself, create any causes of action against the United States for money damages.
 
 See United States v. Testan,
 
 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages.
 
 See Hamlet
 
 
 *1378
 

 v. United States,
 
 63 F.3d 1097, 1101 (Fed.Cir.1995). In other words, the plaintiff “must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.”
 
 James v. Caldera,
 
 159 F.3d 573, 580 (Fed.Cir.1998).
 

 In his brief, Dr. Khan claims entitlement to monetary relief under 38 U.S.C. §§ 7401, 7431-33 (1994). We conclude that none of these provisions can be interpreted as mandating the compensation that Dr. Khan requests in his first claim, namely the difference between his current retirement benefits and what he would have received had he not retired.
 

 Section 7401 of title 38 authorizes the Secretary to appoint medical personnel as necessary to provide medical care to veterans. It does not mention pay, nor does it create a cause of action for monetary damages. Thus, it cannot be construed as a money-mandating statute.
 
 See Testan,
 
 424 U.S. at 400, 96 S.Ct. 948 (defining a money-mandating statute as one that “can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained”).
 

 Sections 7431-33 govern the payment of “special pay” to qualified physicians and dentists in the VHA. Although these provisions mandate the payment of money to qualified employees, such payments are limited to
 
 currently
 
 employed physicians and dentists. For instance, section 7431(f) states that “[s]pecial pay may not be paid ... to a physician or dentist who (1) is employed on less than a quarter-time basis.” Likewise, section 7433 specifically applies to “eligible physicians employed on a full-time basis.” These sections preclude payment of special pay to a retiree. Similarly, section 7431(b) states that “[s]pecial pay may be paid to a physician or dentist ... only upon the execution of, and for the duration of, a written agreement ... in accordance with section 7432 of this title.” Section 7432 requires that such agreements cover at least one year of service in the VHA. Again, this would preclude payment of special pay to retirees.
 

 In his first claim, Dr. Khan does not assert that he is a current employee of the VHA, nor does he claim back pay for a prior period of employment. Instead, he claims an entitlement to special pay under 38 U.S.C. §§ 7431-33 as
 
 a retiree,
 
 because of alleged misrepresentations made to him by his employer regarding his retirement benefits. As discussed above, the statutory provisions cited by Dr. Khan do not apply to retirees. We conclude, therefore, that Dr. Khan’s first claim is not based on a money-mandating statute and that the Court of Federal Claims did not err in holding that it lacked jurisdiction over this claim.
 

 B
 

 In his second prayer for relief, Dr. Khan asked “[t]hat he be restored to active service with the [VHA] in the prior position and that his service credit be amended to accurately reflect full service [from date of retirement] to the present.” Complaint at 3. We construe this to be a claim for reinstatement and back pay based on involuntary retirement.
 
 See Staats v. United States Postal Serv.,
 
 99 F.3d 1120, 1124 (Fed.Cir.1996) (misinformation or deception by an agency may provide basis for involuntary retirement claim);
 
 Covington v. Department of Health & Human Servs.,
 
 750 F.2d 937, 942 (Fed.Cir.1984) (misleading information, even if innocently provided, is basis for involuntary retirement claim).
 

 The trial court’s conclusion that Dr. Khan’s claims are not cognizable under the Tucker Act does not apply to his involuntary retirement claim. If Dr. Khan were to prevail on this claim, he would be entitled to reinstatement as a VHA physician and back pay during his period of involuntary retirement. Furthermore, since his years of involuntary retirement would count as years of active service, his base pay upon retirement would properly include 100 percent of the special pay he
 
 *1379
 
 received pursuant to 88 U.S.C. § 7481. In other words, if Dr. Khan were to meet his burden of proving involuntary retirement, his compensation would be covered by “money-mandating” statutes, namely 38 U.S.C. §§ 7431-33 and 7438(b)(2)(B).
 

 As an alternate ground, the trial court held that, because the CSRA provides an exclusive remedy for Dr. Khan’s claims, jurisdiction is not proper in the Court of Federal Claims.
 
 See Khan,
 
 slip op. at 10 (citing
 
 United States v. Fausto,
 
 484 U.S. 439, 444-15, 454, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)). The government argued to the contrary that Dr. Khan was
 
 precluded
 
 from utilizing the procedures of the CSRA because, as a VHA physician appointed under 38 U.S.C. § 7401(1) (1994), he was restricted to the grievance procedures set forth in 38 U.S.C. §§ 7461-64 (1994). The trial court dismissed this argument on the grounds that: (1) the grievance provisions of title 38 apply only to
 
 disciplining
 
 and discharge of unsatisfactory medical personnel; (2) Dr. Khan was not subjected to disciplinary action; and (3) the provisions codified at 38 U.S.C. §§ 7461-64 do not provide a mechanism for review of
 
 nondisciplinary
 
 involuntary retirement claims.
 
 See Khan,
 
 slip op. at 8-9. Based on this, the court held that Dr. Khan’s involuntary retirement claim “should be brought in the same manner as those brought by civil service employees under title 5.”
 
 Id.
 
 at 9 (citing
 
 Falso v. Office of Personnel Management,
 
 116 F.3d 459 (Fed.Cir.1997)). We disagree.
 

 For VHA medical personnel appointed under 38 U.S.C. § 7401(1), such as Dr. Khan, section 7461(b) provides two separate procedures for challenging adverse agency actions:
 

 (1) If the case involves or includes a question of professional conduct or competence in which a major adverse action was taken, such an appeal shall be made to a Disciplinary Appeals Board under section 7462 of this title.
 

 (2) In any other case, such an appeal shall be made—
 

 (A) through Department grievance procedures under section 7463 of this title, in any case that involves or includes a question of professional conduct or competence in which a major adverse action was not taken or in any case of an employee who is not covered by a collective bargaining agreement under chapter 71 of title
 
 5 ....
 

 Thus, if an action involves a question of professional conduct or competence in which a major adverse action is taken, then it must be appealed to a Disciplinary Appeals Board under section 7462.
 
 See
 
 38 U.S.C. § 7461(b)(1) (1994). In this case, it is clear that, while Dr. Khan’s involuntary retirement claim involves a “major adverse action,” it does not involve a question of professional conduct or competence. Accordingly, it does not belong under section 7462.
 

 In cases involving “other adverse actions,” the appropriate avenue of appeal is through the grievance procedures of section 7463.
 
 See
 
 38 U.S.C. § 7461(b)(2) (1994). Section 7463 defines “other adverse actions” as any action that: “(1) is not a major adverse action;
 
 or
 
 (2) does not arise out of a question of professional conduct or competence.” 38 U.S.C. § 7463(a) (emphasis added). Thus, if
 
 either
 
 of those two requirements is met, then an appeal must be brought within the agency under the grievance procedures of section 7463. There is no dispute that an involuntary retirement is a “major adverse action.”
 
 See Cooper v. Department of Navy,
 
 108 F.3d 324, 326 (Fed.Cir.1997) (an involuntary retirement is treated as if it were a removal). However, Dr. Khan’s alleged involuntary retirement is
 
 not
 
 one that arises out of a question of professional conduct or competence. Instead, it arises, if at all, out of an innocent error or negligence on the part of the agency. Thus, because Dr. Khan’s involuntary retirement claim meets the second prong of section 7463(a), it must be filed as a grievance with the agency under the procedures set forth in section 7463.
 
 See
 
 38 U.S.C.
 
 *1380
 
 § 7461(b)(2) (1994) (stating in the imperative that “such an appeal
 
 shall
 
 be made ... under section 7463” (emphasis added)).
 

 Having concluded that Dr. Khan must bring his involuntary retirement claim under the grievance procedures of 38 U.S.C. § 7463, we must decide whether he is precluded from appealing from the agency to the Merit Systems Protection Board (MSPB or Board). We must reach this issue because the trial court’s decision is based, in part, on the notion that Dr. Khan was entitled to appeal his claim to the MSPB using the procedures of the CSRA.
 
 See Khan,
 
 slip op. at 9 (citing Falso). The court reasoned that, because Dr. Khan has a right of appeal to the MSPB, he
 
 cannot
 
 have a right to appeal to the Court of Federal Claims.
 
 See id.
 
 at 10 (citing
 
 Fausto,
 
 484 U.S. at 454, 108 S.Ct. 668 (holding that Court of Federal Claims lacks jurisdiction to adjudicate cases for which the CSRA provides an exclusive remedy)).
 

 To the extent that the Court of Federal Claims read our decision in
 
 Falso
 
 to mean that Dr. Khan has a right to appeal his involuntary retirement claim to the MSPB, the court erred. In
 
 Falso,
 
 the MSPB held that it lacked jurisdiction over an involuntary retirement claim brought by a VHA nurse appointed under 38 U.S.C. § 7401(1). The Board held that such claims were within the
 
 exclusive
 
 jurisdiction of the Department of Veterans Affairs (DVA) under 38 U.S.C. § 7463.
 
 See Falso v. Office of Personnel Management,
 
 70 M.S.P.R. 470, 475 (1996) (relying on
 
 Cochran v. Department of Veterans Affairs,
 
 67 M.S.P.R. 167, 169-174 (1995)). We vacated the Board’s holding
 
 solely
 
 on the ground that
 
 Cochran
 
 was inapposite, leaving open the question of whether the Board actually had jurisdiction over Falso’s claim.
 
 See Falso,
 
 116 F.3d at 460 (“Although there may be other reasons why jurisdiction is not proper in this case, the ground upon which the Board relied,
 
 Cochran,
 
 presents no hurdle to jurisdiction.”). On remand, the Board did not change its holding. Instead, it disclaimed reliance on
 
 Cochran
 
 and pointed to 5 U.S.C. § 7511(b)(10) (1994), which clearly bars VHA healthcare professionals appointed under 38 U.S.C. § 7401(1) from appealing adverse actions to the Board under title 5, chapter 75.
 
 See Falso v. Office of Personnel Management,
 
 77 M.S.P.R. 207, 210-11 (1997); see also
 
 Khan v. Department of Veterans Affairs,
 
 No. DC-0752-0588-1-1, slip op. at 4 (MSPB Sep. 8, 1997) (relying on
 
 Falso,
 
 77 M.S.P.R. at 210).
 

 Involuntary retirement claims are generally appealed to the Board under chapter 75 of title 5 (titled: “Adverse Actions, Removal, etc.”). However, chapter 75 is not available to an employee “who holds a position within the Veterans Health Administration which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title.” 5 U.S.C. § 7511(b)(10) (1994). Dr. Khan was not appointed under section 7401(3); therefore, if we find that he was “excluded from the competitive service” under a provision of title 38, then he has no right to appeal to the Board under chapter 75.
 

 We have held that “the competitive examination is the touchstone of the competitive service” and that employees who are appointed without a competitive examination are excluded from the competitive service.
 
 See Dodd v. Tennessee Valley Auth,
 
 770 F.2d 1038, 1040 (Fed.Cir.1985). The qualifications for physicians appointed to the VHA under title 38 do not include a competitive examination.
 
 See
 
 38 U.S.C. § 7402(b) (1994) (requiring only a medical degree, completed internship, and license to practice medicine). The record shows that Dr. Khan was appointed as a VHA physician under 38 U.S.C. § 4104 (1970), which was later recodified as 38 U.S.C. § 7401(1) (1994).
 
 See Khan,
 
 slip op. at 3 n.2. Thus, we hold that Dr. Khan was excluded from the competitive service under a provision of title 38 and is therefore not entitled to appeal to the Board under
 
 *1381
 
 chapter 75 of title 5. This conclusion is' consistent with MSPB case law on the subject.
 
 See, e.g., Falso,
 
 77 M.S.P.R. at 210;
 
 Khan,
 
 No. DC0752970588-I-1, slip, op. at 4 (MSPB Sep. 8, 1997);
 
 Pichon v. Department of Veterans Affairs,
 
 67 M.S.P.R. 325, 326-27 (1995);
 
 Bacani v. Office of Personnel Management,
 
 64 M.S.P.R. 588, 596 n. 7 (1994);
 
 Chan v. Department of Veterans Affairs,
 
 53 M.S.P.R. 617, 620 (1992);
 
 Alvarez v. Department of Veterans Affairs,
 
 49 M.S.P.R. 682, 684-85 (1991).
 

 We note that section 7401(1) employees are not necessarily precluded from appealing to the Board under provisions
 
 other
 
 than chapter 75. In
 
 Cochran v. Department of Veterans Affairs,
 
 67 M.S.P.R. 167 (1995), the Board held that it had jurisdiction to hear an appeal of a DVA physician who brought an Individual Right of Action appeal under the Whistleblower Protection Act. See also
 
 Dick v. Department of Veterans Affairs,
 
 83 M.S.P.R. 464, 467 (1999). Similarly, in
 
 Von Zemenszky v. Department of Veterans Affairs,
 
 80 M.S.P.R. 663 (1999), the Board held that it had jurisdiction over an appeal from a section 7463 grievance action in which a DVA physician challenged his separation under an administrative Reduction In Force. These cases are distinguishable from the Board’s holdings in
 
 Falso
 
 and
 
 Khan
 
 because they were not brought under chapter 75 of title 5. Instead, the appeals in
 
 Cochran
 
 and
 
 Dick
 
 were based on 5 U.S.C. § 1221 (1994), and the appeal in
 
 Von Zemenszky
 
 was brought under 5 U.S.C. §§ 3501-4 (1994).
 

 Having established that Dr. Khan must bring his involuntary retirement action under 38 U.S.C. § 7463 and that he may
 
 not
 
 appeal from the agency to the MSPB under chapter 75 of title 5, we must finally decide whether the VHA’s jurisdiction under 38 U.S.C. § 7463 is exclusive. Whether 38 U.S.C. § 7463 creates an exclusive remedy for section 7401(1) personnel is a question of first impression for this court. Dr. Khan argues that, even if his claim falls within section 7463, “that does not necessarily mean that such procedures preclude presenting the claim to the Court of Federal Claims.” The government argues that
 
 Fausto,
 
 which held that a Tucker Act court has no jurisdiction over claims that are independently covered by the CSRA,
 
 see Fausto,
 
 484 U.S. at 455, 108 S.Ct. 668, is broad enough to encompass section 7463 claims as well as CSRA claims. We agree. Indeed,
 
 Fausto
 
 is directly on point in this case.
 

 In
 
 Fausto,
 
 an employee of the Fish and Wildlife Service was dismissed for unauthorized use of a government vehicle. He appealed to the MSPB, which dismissed his appeal on the ground that, as a non-preference eligible in the excepted service, he had no right to appeal to the Board. Fausto then filed a claim in the Claims Court, seeking damages under the Back Pay Act. The issue on appeal was whether the CSRA precluded judicial review of Fausto’s claim, notwithstanding the fact that it provided no formal right of appeal to the Board. The Supreme Court held that, because of the comprehensive nature of the CSRA, and because the challenged adverse action was of the type specifically envisioned by the CSRA, Congress intended to preclude judicial review of Fausto’s claim.
 
 See Fausto,
 
 484 U.S. at 455, 108 S.Ct. 668 (“[The] deliberate exclusion of employees in respondent’s service category from the provisions establishing administrative and judicial review for personnel action of the sort at issue here prevents respondent from seeking review in the Claims Court....”).
 

 Like the appellant in
 
 Fausto,
 
 Dr. Khan falls within a special category of employee that has been
 
 specifically excluded
 
 from the procedures and protections set forth in chapter 75 of the CSRA. As in
 
 Fausto,
 
 Dr. Khan’s cause of action is
 
 of the type
 
 envisioned by the CSRA.
 
 See
 
 5 U.S.C. § 7512 (1994) (chapter 75, subchapter II applies,
 
 inter alia,
 
 to removal and suspension for more than 14 days.); see also
 
 Fisher v. United States Postal Serv.,
 
 68 M.S.P.R. 70 (1995) (holding that involuntary retirement claim is appealable to the Board). Accordingly, the specific
 
 exclusion
 
 of Dr. Khan
 
 *1382
 
 from the CSRA provisions covering involuntary retirement claims prevents him from seeking review in the Court of Federal Claims under the Tucker Act.
 
 See Fausto,
 
 484 U.S. at 455,108 S.Ct. 668.
 

 We note, of course, that Dr. Khan is not entirely precluded from seeking judicial review of his claim. VHA doctors and other section 7401(1) personnel may appeal a final agency decision to the appropriate district court under the Administrative Procedure Act, 5 U.S.C. §§ 702, 706 (1994).
 
 See Berry v. Hollander,
 
 925 F.2d 311, 315 (9th Cir.1991). The decision of the agency may be reversed if the employee was denied due process or if the decision was arbitrary, capricious or otherwise illegal.
 
 See
 
 5 U.S.C. § 706(2) (1994).
 

 Ill
 

 For the foregoing reasons, we hold that Dr. Khan’s first claim for monetary relief is not a proper Tucker Act claim over which the Court of Federal Claims may exercise jurisdiction. We further hold that Dr. Khan must use the grievance procedures set forth in section 7463 of title 38 to appeal his claim of involuntary retirement. Because the VHA has exclusive jurisdiction over this claim, and because jurisdiction in the Court of Federal Claims is precluded by
 
 Fausto,
 
 the trial court did not err in dismissing the claim for lack of jurisdiction. Because the trial court lacked jurisdiction, we do not reach the question of whether Dr. Khan faded to state a claim upon which relief could be granted.
 

 COSTS
 

 No costs.
 

 AFFIRMED