**Richard E. HEIM, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 02–5004.**

United States Court of Appeals, Federal Circuit.

Sept. 6, 2002.

Rehearing Denied Oct. 23, 2002.

Before MICHEL, RADER, and PROST, Circuit Judges.

PER CURIAM.

In this military pay case, Richard E. Heim seeks review of the August 10, 2001 decision of the United States Court of Federal Claims in *Heim v. United States*, 50 Fed. Cl. 225 (2001)[1], which granted the United States' motion to dismiss Mr. Heim's complaint. The United States Court of Federal Claims held Mr. Heim asserted claims barred under both the statute of limitations and the doctrine of res judicata. Alternatively, the court granted the United States' motion to dismiss on the grounds that Mr. Heim failed

to state a claim upon which relief could be granted. In particular, the court found that Mr. Heim's complaint was not based upon a money-mandating statute from which back pay could be ordered. Because the Court of Federal Claims properly dismissed Mr. Heim's complaint, this court *affirms*.

## I.

Mr. Heim received his commission as a junior officer in the United States Army Reserve (USAR) on June 2, 1972. Mr. Heim's performance early in his career was acceptable, such that he attained the rank of Captain on June 5, 1979. However, Mr. Heim later received two unfavorable Officer Evaluation Reports between December 4, 1979 and June 6, 1981. As a result, Mr. Heim was separated from the USAR in 1987 after twice being passed over for promotion to the rank of Major.

Prior to his separation from the USAR, Mr. Heim was transferred from his pay billet with the 3220th United States Army Garrison to a billet having non-pay status in the USAR Control Group. Mr. Heim later objected to his transfer. Specifically, Mr. Heim alleged his reassignment to a non-pay status was the involuntary result of coercion by his commanding officers. Accordingly, Mr. Heim applied to the Army Board for Correction of Military Records (Board) for relief in 1983. Mr. Heim argued his handwritten note on the Army 1AA Form 831 shows that he executed the transfer request form under duress, despite a portion of the form indicating his signature was voluntary in nature. The Board denied Mr. Heim's request for relief on June 5, 1985, stating that no

1. The Court notes that Mr. Heim included a copy of this opinion in the appendix to his brief. Mr. Heim's attention is directed to the header positioned on each page of this opinion, which reads "FOR EDUCATIONAL USE ONLY." Submission of documents to this court bearing this heading violates the agreement executed with the West Company for educational access to its legal database, and is inappropriate.

record evidence demonstrated the transfer request was the product of duress, or that a material error or injustice had occurred when the Army effectuated his transfer.

Dissatisfied with the Board's decision, Mr. Heim filed suit in the United States District Court for the Southern District of Florida on November 25, 1987. The district court transferred this case to the Court of Federal Claims on March 31, 1988. Mr. Heim then filed an amended complaint in the Court of Federal Claims seeking back pay for duties he would have performed had he not been transferred to non-pay status, correction of his military records, and reappointment to his former grade in the USAR. The complaint alleged jurisdiction under 37 U.S.C. § 206 (1988) (Reservists Pay Mandating Statute), and 28 U.S.C. § 1491 (Tucker Act). *Heim v. United States*, 22 Cl.Ct. 341, 342 (1991). The Court of Federal Claims determined that § 206 only provides for compensation to a reservist who "is ordered to perform and actually performs the work." *Heim*, 22 Cl.Ct. at 344. Because Mr. Heim was in a non-pay billet at the time of his separation, and had not performed work for which compensation was due while in this billet, the Court of Federal Claims dismissed Mr. Heim's complaint for failure to state a claim upon which relief can be granted. This court affirmed that decision. *Heim v. United States*, 949 F.2d 403 (Fed.Cir. 1991).

Nearly thirteen years after this court's 1991 decision in *Heim*, Mr. Heim petitioned to the Board for reconsideration of its original 1985 decision. The petition cited "newly discovered relevant evidence not previously considered by the Board in its original adjudication." The new evidence was Mr. Heim's recitation of a foreboding statement allegedly made to him by his commanding officer that illustrated his duress in executing Army 1AA Form 831.

The Board considered Mr. Heim's petition, but found his contentions did not constitute new evidence. Thereafter, Mr. Heim's Congressional Representative inquired as to the basis for denying Mr. Heim's application for reconsideration. The Military Personnel Subcommittee responded to this inquiry by explaining the Board's findings.

On March 21, 2000, Mr. Heim filed a second complaint in the Court of Federal Claims, this time seeking back pay and benefits, correction of his military records and restoration of his pay-status billet pursuant to 37 U.S.C. § 204(a)(2) (1994) and 28 U.S.C. § 1491 (1994). The Court of Federal Claims dismissed this complaint, holding lack of subject matter jurisdiction because Mr. Heim's complaint was barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501 (1994). The court also found the complaint failed due to the applicability of the doctrine of res judicata. Moreover, the Court of Federal Claims held the requested relief could not be granted due to Mr. Heim's reliance on a statute that does not entitle him to a back pay remedy.

Mr. Heim timely appealed to this court, which has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3)(1994).

## II.

### A. Standard of Review

Whether the Court of Federal Claims properly dismissed Mr. Heim's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted are both questions of law that this court reviews *de novo*. *Boyle v. United States*, 200 F.3d 1369 (Fed.Cir. 2000); *Khan v. United States*, 201 F.3d 1375, 1377 (Fed.Cir.2000). Dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6) is

appropriate when the facts as asserted in the complaint do not entitle the plaintiff to a legal remedy. *New York Life Ins. Co. v. United States*, 190 F.3d 1372, 1377 (Fed. Cir.1999). This court reviews the dismissal by accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of Mr. Heim. *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir.1998). However, if the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief," the case may be properly dismissed. *Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1131 (Fed.Cir.1998).

## B. Res Judicata

The doctrine of res judicata, also known as claim preclusion, predicates that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Under this doctrine, "a second suit will be barred by claim preclusion if: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362, 55 USPQ2d 1854 (Fed.Cir.2000). Precedent teaches that claim preclusion promotes efficiency. Application of this doctrine avoids the subsequent assertion of additional causes of action arising from the same transactional facts that should have been litigated together in a first suit. *See Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314, 1315 (Fed.Cir.1983) (discussing the general principles and policies underpinning res judicata).

Here, the first and second elements of claim preclusion are not disputed, as the parties are identical in both actions, and this court affirmed a final judgment on the merits in the first case. *See Heim*, 949 F.2d at 403. Therefore, the question at bar is whether Mr. Heim's second claim, filed in the Court of Federal Claims in 2000, is based on the same set of transactional facts as his 1998 claim.

The Court of Federal Claims found that the same transactional facts are at issue in the instant case as were the source of the first lawsuit. Both causes of action derive from the circumstances surrounding Mr. Heim's allegedly coerced execution of Army 1AA Form 831 requesting a transfer to a non-pay billet. The Court of Federal Claims found no reason to view the two cases as asserting "separate and independent claims", and noted the lawsuits sought the same relief of money damages, correction of military records, and reinstatement due to the allegedly unlawful actions of the USAR. Nothing in the record indicates an error arose in making this assessment.

Mr. Heim takes the position in his Brief on Appeal that "neither the first Claims Court action, nor the Second nor the instant appellate action are the same cause of action." Mr Heim states that he is not relitigating issues already decided, and admits in his reply Brief "[h]e is not questioning the finding that the original transfer was voluntary." Instead, Mr. Heim asserts that the issue now being litigated is "what is the operative effect of 10 USC 277 upon the military pay scheme as written by Congress in 37 USC 204 and 37 USC 206?." Because this argument was not raised below, Mr. Heim contends that his current claim of statutory unconstitutionality is not "the same claim" from which a final judgment on the merits previously issued, and, therefore, res judicata is inapplicable.

While this is a creative effort by Mr. Heim (who is acting pro se) to avoid claim preclusion, the argument lacks legal merit. This court has jurisdiction under 28 U.S.C. § 1295(a)(3) to hear "an appeal from a final decision of the United States Court of Federal Claims." Issues not raised in the lower court setting cannot be raised for the first time on appeal to this court. *See, e.g. Ramsey v. United Mine Workers*, 401 U.S. 302, 312, 91 S.Ct. 658, 28 L.Ed.2d 64 (1971); *Wallace v. Dep't of Air Force*, 879 F.2d 829 (Fed.Cir.1989). Mr. Heim argues that his claim was not ripe until the Court of Federal Claims "held this anomaly in the statutory scheme for military pay precluded recovery by the Appellant." Mr. Heim further contends his new claim "could not have been raised below." In support of his newly asserted claim, Mr. Heim states that the Court of Federal Claims does not have jurisdiction to hear "generalized claims of constitutional violations."

Regardless of whether Mr. Heim believes the Court of Federal Claims may hear his newly crafted claim, this appeal is from that court's August 10, 2001 judgment which, *inter alia*, barred his claims due to res judicata in view of the 1988 suit. The complaint was properly dismissed on this point.

The Court of Federal Claims also held Mr. Heim's complaint was barred by the statute of limitations and failed to rely on a money-mandating statute upon which a military pay claim could be granted. Having found grounds for dismissal due to res judicata, these other issues need not be addressed. Furthermore, in light of Mr. Heim's admission that his transfer to a non-pay billet was voluntary, this Court sees no reason to grant Mr. Heim back pay even if statutory support for his claim could be unearthed. Consequently, Mr. Heim's request for relief from an unlawful discharge due to coercion is rendered moot.

## CONCLUSION

In view of the aforementioned reasons, the Court of Federal Claims had a menu grounds on which to properly dismiss Mr. Heim's complaint. However, we affirm solely on the basis of res judicata.