NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**SHIRLEY MUHLEISEN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2355

---

Petition for review of the Merit Systems Protection Board in No. DE-3443-20-0189-I-1.

---

Decided:  July 16, 2025

---

SHIRLEY MUHLEISEN, Marrero, LA, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Shirley Muhleisen petitions for review of a final order of the Merit Systems Protection Board ("Board"), which affirmed the initial decision dismissing Ms. Muhleisen's adverse action appeal for lack of jurisdiction. *Muhleisen v. Dep't of Veterans Affs.*, No. DE-3443-20-0189-I-1, 2024 WL 4119194 (M.S.P.B. Sept. 6, 2024) ("*Final Order*"); *Muhleisen v. Dep't of Veterans Affs.*, No. DE-3443-20-0189-I-1, 2021 WL 1849295 (M.S.P.B. May 7, 2021) (App'x 8–20) ("*Initial Decision*").[1]  For the reasons discussed below, we *affirm*.

## I.  BACKGROUND

Ms. Muhleisen was employed as a registered nurse by the Department of Veterans Affairs ("VA") from 1975 to 1999. *Initial Decision* at 2; App'x 49.  Ms. Muhleisen was authorized and apparently elected to receive an early retirement effective September 1, 1999. *Initial Decision* at 2; App'x 53.  However, in August 1999, Ms. Muhleisen informed Human Resources that she no longer wanted to retire on the authorized date. *Initial Decision* at 2; App'x 53. On September 16, 1999, Ms. Muhleisen formally rescinded her retirement and resigned her employment about two weeks later. *Initial Decision* at 2; App'x 53.  Several months after her resignation, Ms. Muhleisen began receiving retirement payments after she discovered that the VA processed her departure as an early retirement instead of a resignation. *Initial Decision* at 2; App'x 53.  The monthly amount of retirement payments Ms. Muhleisen now receives would be higher if the VA processed her departure

---

[1]    We refer to the appendix filed with the government's informal response brief, ECF No. 24, as "App'x" throughout this opinion.  Citations in this opinion are to the version included in the government's appendix.  For example, *Initial Decision* at 1 is found at App'x 8.

in 1999 as a resignation rather than a retirement. *Initial Decision* at 2.

On March 10, 2020, Ms. Muhleisen appealed to the Board, alleging the VA "[r]efus[ed] to honor a rescinded early retirement request," "refus[ed] to honor a resignation request," and "[p]rocess[ed] a resignation as an early retirement." App'x 52. The administrative judge ordered Ms. Muhleisen to show cause why her involuntary retirement appeal should not be dismissed for lack of jurisdiction "to the extent she was employed as a title 38 registered nurse." App'x 35; *see also* App'x 32 (describing Ms. Muhleisen's appeal as "alleging a theory of involuntary retirement"). In response to the order to show cause, Ms. Muhleisen did not deny being a title 38 registered nurse or assert another legal basis for the Board's jurisdiction. App'x 25–31.

On May 7, 2021, the administrative judge dismissed Ms. Muhleisen's appeal for lack of jurisdiction. *Initial Decision* at 1. The administrative judge reasoned that "[a]s [Ms. Muhleisen is] a registered nurse employed by the [VA] under title 38, the Board lacks jurisdiction over an appeal which amounts to a challenge to an adverse action . . . ." *Initial Decision* at 5. Ms. Muhleisen subsequently sought review from the full Board, which denied her petition for review and affirmed the administrative judge's initial decision. *Final Order* at \*1. The administrative judge's initial decision became the Board's final decision. *Id.* (citing 5 C.F.R. § 1201.113(b)).

Ms. Muhleisen petitions for review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II.  DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). "Under this standard, we review determinations of the Board concerning its jurisdiction *de novo.*" *Parrott*, 519 F.3d at 1334.

On appeal, Ms. Muhleisen argues that the administrative judge's reference to title 38 law is not applicable to reduction-in-force apparently because this is not an adverse action appeal. Appellant's Br. 2; *see also id.* at 10–11. In response, the government argues that Ms. Muhleisen did not have the right to appeal her allegedly involuntary retirement to the Board because her appeal is an adverse action appeal, and she was a registered nurse appointed under title 38. Appellee's Br. 6–8. We agree with the government.

A registered nurse employed by the VA cannot appeal an involuntary retirement to the Board in an adverse action appeal. Involuntary retirement is typically a type of adverse action that is appealable to the Board. *See* 5 U.S.C. § 7513(d); *see also Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). "Section 7513, however, is applicable to only an 'employee' as defined in 5 U.S.C. § 7511, which does not apply to an individual 'who holds a position within the Veterans Health Administration which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title.'" *Biswas v. Dep't of Veterans Affs.*, 127 F.4th 332, 344 (Fed. Cir. 2025) (quoting 5 U.S.C. § 7511(b)(10)). A registered nurse is listed as a position under 38 U.S.C. § 7401(1) and is thus excluded from the competitive service and is not a position that can be appointed under 38 U.S.C. § 7401(3). *See Khan v. United States*, 201 F.3d 1375, 1380–81 (Fed. Cir. 2000) (holding that a physician appointed under 38 U.S.C. § 7401(1) was excluded from the competitive service provision of title 38 and was therefore not entitled

to appeal an involuntary retirement to the Board).  In sum, Ms. Muhleisen was not an employee with rights to appeal her involuntary retirement to the Board as an adverse action.

It is undisputed that Ms. Muhleisen was employed by the VA as a registered nurse under title 38 prior to her separation.  App'x 49; Appellee's Br. 8.  Therefore, the Board did not err in finding that it lacked jurisdiction over Ms. Muhleisen's adverse action appeal.

We have no occasion to determine whether Ms. Muhleisen has another path before the Office of Personnel Management or another tribunal to challenge the amount of payment she receives.

### III. CONCLUSION

We have considered Ms. Muhleisen's remaining arguments and find them unpersuasive.  For the above reasons, we *affirm*.

## AFFIRMED

### COSTS

No costs.