NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5048

GEORGE MAY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

George May, of Palm Beach, Florida, pro se.

Sambhav N. Sankar, Attorney, United States Department of Justice, Environmental and Natural Resources Division, of Washington, DC, for defendant-appellee.  With him on the brief was Ronald J. Tenpas, Assistant Attorney General.

Appealed from:  United States Court of Federal Claims

Judge Emily C. Hewitt

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5048

GEORGE MAY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from United States Court of Federal Claims in 07-CV-726,
Judge Emily C. Hewitt.

_____

DECIDED:  September 4, 2008

_____


Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and WALKER,[*] Chief District Judge.

PER CURIAM.

George May appeals the decision of the Court of Federal Claims ("trial court"), granting the government's motion to dismiss for failure to state a claim.  May v. United States, 07-cv-726 (Fed. Cl. Feb. 12, 2008) ("Dismissal Order").  Because May's complaint failed to state a claim for a Fifth Amendment taking by the United States, we affirm the trial court's dismissal of May's complaint.

_____

[*]    Honorable Vaughn R. Walker, Chief Judge, United States District Court for the Northern District of California, sitting by designation.

I.

On October 12, 2007, May filed suit in the Court of Federal Claims against the United States, the State of Florida, and various state departments and officials "for the taking [and] condemnation of [May's] limestone, limestone mining rights, sand, rock, gravel, light, air, [and] view, by flooding, [and] filing court papers turning his property into a flooding easement." May sought over $345 million in compensation for the alleged taking.

The government moved to dismiss May's complaint for failure to state a claim because his complaint did not identify any action by the United States that resulted in a taking of May's property and because May had not identified any parcel of real property which was taken. Because May had filed ten previous lawsuits in the Court of Federal Claims that were dismissed before a trial on the merits, the government also asked the trial court here to enter an order prohibiting May from filing future complaints in that court without prior written permission.

On February 12, 2008, the trial court granted the government's motion to dismiss. The trial court held that May had not alleged "any action by the Corps or DHS that effected a taking of his property." Dismissal Order at 9. May had alleged that his property was flooded when a dike was cut, but the trial court found that May had not alleged that either the Corps or another entity acting at the Corps' direction was responsible for cutting the dike. Id. The trial court also stated that May had alleged that the operation of a weigh station destroyed his business, but found that May had not alleged that the federal government had any involvement in the construction or operation of the weigh station. Id. Instead, the trial court found that May had alleged

that actions by the Florida Department of Transportation and the South Florida Water Management District amounted to a taking. Id. at 10.[1] The trial court further held that its decision in Florida Rock Industries, Inc. v. United States, 45 Fed. Cl. 21 (1999) was inapplicable to May's case. In Florida Rock, the court found that a regulatory taking occurred where the federal government denied the property owner a mining permit. Id. at 41-43. The trial court found the present case distinguishable because May had not alleged that he was denied any permit. Dismissal Order at 10. Finally, the trial court found that May's complaint in this case was "frivolous," and because May had filed ten previous suits, the court found that sanctions would be appropriate. Thus, it ordered that May obtain the permission of a Court of Federal Claims judge prior to filing future complaints. Id. at 11.

May timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

This court reviews de novo the trial court's grant of a motion to dismiss for failure to state a claim. E.g., Greenlee County, Ariz. v. United States, 487 F.3d 871, 877 (Fed. Cir. 2007). Under Rule 8(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6),[2] a complaint need not contain detailed factual allegations, but the "[f]actual allegations

---

[1] The trial court stated that the claims against parties other than the United States "must be ignored as beyond the jurisdiction of the court." Id. at 8. The caption of the trial court's opinion and its judgment listed only the United States as the defendant.

[2] RCFC 12(b)(6) is substantially identical to Federal Rule of Civil Procedure 12(b)(6).

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

On appeal, May argues that his property was taken by flooding, and he now alleges that the Army Corps of Engineers cut the dike that flooded his property. However, he did not make such an allegation in his complaint before the trial court. Reading that complaint liberally, we agree that May failed to allege any cognizable claim against the United States for a Fifth Amendment taking, and we affirm the trial court's dismissal of his complaint.