**Jacob–Franz: DYCK, et al., Plaintiff,**

v.

**ALBERTELLI LAW, et al., Defendant.**

**No. 11–65C.**

United States Court of Federal Claims.

April 29, 2011.

Jacob–Franz: Dyck, Miami, Fl., pro se.

Lauren A. Weeman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for the defendant. With her were Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General, Civil Division.

## OPINION

HORN, Judge.

### FINDINGS OF FACT

Plaintiff Jacob–Franz: Dyck filed a *pro se* complaint in this court on January 31, 2011, on behalf of 142 trusts he names as plaintiffs, for which he alleges he is named "Trustee for all Plaintiff Common Law, Irrevocable, Contractual Pure Trust," and "trustee of all Trusts being presented." The complaint is 134 pages long, consists of 293 numbered paragraphs, and attempts to name 71 different defendants. Each defendant named by plaintiff is either a former state government official or a private party. Neither the United States nor any federal government entity or individual is a named defendant. The list of defendants includes multiple private financial institutions, multiple law firms, the Florida State bar, and various former and current public officials in Florida, but not the United States. Mr. Dyck alleges all defendants are "co-conspirators against the united [sic] States of America Constitution." Plaintiff seeks to sue these defendants "[i]n their private capacity, in their corporate capacity

and all their Marital assets," and he wishes to proceed as a class action.[1]

All claims in the United States Court of Federal Claims, however, must have "the United States designated as the party defendant...." Rule 10(a) (2010), Rules of the United States Court of Federal Claims (RCFC). In its motion to dismiss, the defendant correctly notes that, "the United States is the only proper defendant in the United Court of Federal Claims." *See* 28 U.S.C. § 1498(a)(1) (2006). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (citations omitted). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003) (emphasis in original); *see also United States v. Sherwood,* 312 U.S. at 588, 61 S.Ct. 767; *May v. United States,* 80 Fed.Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), *aff'd,* 293 Fed.Appx. 775 (Fed.Cir.2008). Because plaintiff does not bring any claims against a proper defendant, the suit falls outside of the jurisdiction of this court. For this reason alone, plaintiff's complaint must be dismissed.

In the complaint and accompanying exhibits, which are often difficult to follow, plaintiff alleges a wide range of improper actions by the named defendants regarding everything from violation of land patent rights, improper incarceration, kidnapping, and threats of murder. The plaintiff also invokes protections he was not afforded based on treaty rights at the United Nations, the Constitution, the Florida State Courts, as well as many other alleged violations, based on a series of non-sequiturs.

Among the allegations, plaintiff apparently seeks to challenge the jurisdiction of the Florida State Courts to entertain foreclosure proceedings. In his complaint, plaintiff states: "this case is against the State of Florida." Plaintiff further alleges that property was taken without justification and by the "State Court" without authority. Plaintiff alleges that the named defendants have conspired to "steal" real estate, and that plaintiff's due process rights have been violated by the defendants. Among the broad statements made by the plaintiff in his complaint, he asserts that the defendants should have known that they were conspiring to steal property. The allegations are confusing and include statements concerning due process and various allegations of deprivation of the plaintiff's constitutional and other legal rights. Plaintiff alleges, for example, that the government is stealing property "Without a cause of action, Without jurisdiction, Without answering questions relating to the property pre-meditated." Plaintiff also alleges that the "Banks know they have no cause of act [sic]," "No promissory Note, Lawyers stating they have the Note, Promissory Note sold in bundles to worldwide investors, Lawyers showing affidavits signed by false affiants not affiliated to the bank," "Sheriffs removing people from property with court deeds; sheriffs deed; [or] deed signed by court ordered sales clerks etc., etc." Mr. Dyck also claims: "We have since found way [sic] to trace the Promissory Notes but need discovery to do so." Mr. Dyck further asserts that the United States Housing and Urban Development (HUD) interviewed him and "[t]hey said I did no wrong; that they had gone over my trust, court documents and Land Patents and agreed that all foreclosures must be done by the Federal Government through HUD."

Mr. Dyck also recites that he was incarcerated for approximately four months in Hernando County, Florida without a warrant having been issued, an opportunity for bail, or a preliminary hearing. Mr. Dyck claims that his incarceration was likely due to his "family and being [sic] a dentist," as well as the Federal Bureau of Investigation (FBI) telling him they would kill him if he continued selling trusts, as the "banks" would not approve of it going nationwide. Mr. Dyck

1. The complaint is titled, "Class Action title 42," however, to date, no motion for class certification has been filed, and there does not appear to be a basis for a class action.

contends that he was released from prison in February 2010, and since that time "the F.B.I. has threaten; [sic] intimidated and demanded that the people working for [me] and contracted with [me] sign documents stating that [I] have committed a wrong."

■ Plaintiff states that jurisdiction in this court is based on "Diversity of Citizenship." Defendant correctly responds that the United States District Courts, not the United States Court of Federal Claims, have jurisdiction of civil actions based upon the diversity of citizenship of the parties, citing 28 U.S.C. § 1332 (2006), and that diversity jurisdiction does not provide a basis for jurisdiction in this court, citing 28 U.S.C. § 1491 (2006). Mr. Dyck also invokes "the jurisdiction of the American flag of peace."

Throughout the complaint, the plaintiff cites numerous statutes, many of which do not reflect actual statutory citations and are unrelated to the allegations contained in plaintiff's complaint. For example, plaintiff cites to Public Law 97–250, 96 Stat. 1211 (Oct. 4, 1982) proclaiming 1983 the year of the Bible. The plaintiff also repeatedly cites bible scripture as the basis for his claims against the various parties, for example, stating, "[t]he history of our land development and theories of ownership comes from the Bible and the British. This can be found in Genesis."

Plaintiff appended multiple documents to the complaint, which included, among others, expert witness affidavits filed in different cases in Michigan State Courts, a document captioned "International Covenant on Civil and Political Rights," several documents concerning civil actions in the Miami–Dade County Court relating to a mortgage or mortgages held by Noelia E. Valdes, a document captioned "Federal Reserve Notes are not Legal Tender," and documents pertaining to the "Empire Washitaw de Dugdahmoundyah."[2] These documents are in no discernable order and have no direct, factual focus or relationship to the allegations in the complaint.

In a section of the complaint entitled "Prayer," plaintiff "seeks redress in the amount of $5 million dollars [sic], for the lose [sic] in standing in the community and the embarrassment that incarceration has cause [sic] plaintiffs." Plaintiff also seeks "pecuniary damages for the torture of body and mind" in the amount of $10 million, seeking an additional $10 million "for each constitutional right violated," and seeks "excessive damage in the amount of $10 million dollars [sic] gold, U.S. dollars, for the violation of the rights under constructive treason as against the plaintiffs."

On March 4, 2011, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, and because plaintiff has not retained counsel for the trusts he alleges he represents.

■ When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, a *pro se* plaintiff is entitled to liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading. . . .' " *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States*, 75 Fed.Cl. 249, 253 (2007). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a prepon-

---

**2.** According to the complaint, Mr. Dyck was made a "Minister of Medicine" in 1996, and according to the plaintiff, granted diplomatic immunity in 1997.

derance of the evidence." *Riles v. United States,* 93 Fed.Cl. 163, 165 (2010) (citing *Hughes v. Rowe,* 449 U.S. at 9, 101 S.Ct. 173 and *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), *reh'g and reh'g en banc denied* (Fed.Cir.2002)).

■ "Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte." Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed. Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Thompson v. United States,* 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (Fed.Cir.2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also Entegris, Inc. v. Pall Corp.,* 490 F.3d 1340, 1343 (Fed.Cir. 2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

■ Pursuant to this court's rules and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2) (2011). *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iq-bal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–57, 570, 127 S.Ct. 1955). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324,

1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir. 1997)), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir. 2000).

■ The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Greenlee County, Ariz. v. United States,* 487 F.3d 871, 875 (Fed. Cir.), *reh'g and reh'g en banc denied* (Fed. Cir.2007), *cert. denied,* 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed. Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996).

■ "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States...." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Radioshack Corp. v. United States,* 566 F.3d 1358, 1360 (Fed.Cir.2009); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). In *Ontario Power Generation, Inc. v. United States,* 369 F.3d 1298 (Fed.Cir. 2004), the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

The underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver.... Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." *Eastport S.S. [Corp. v. United States,* 178 Ct.Cl. 599,] 372 F.2d [1002,] 1007–08 [ (1967) ] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting *Clapp v. United States,* 127 Ct.Cl. 505, 117 F.Supp. 576, 580 (1954))).... Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." *Eastport S.S. [Corp. v. United States],* 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.; see also [United States v.] Testan,* 424 U.S. [392,] 401–02, 96 S.Ct. 948 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.' " (quoting *Eastport S.S. [Corp. v. United*

*States*], 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute. *Ontario Power Generation, Inc. v. United States*, 369 F.3d at 1301.

To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of 'substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961 (quoting *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948 and *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)); *see also Hamlet v. United States*, 63 F.3d 1097, 1107 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.1995), *cert. denied*, 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). "Additionally, the specific authority granting money relief must be distinct from the Tucker Act itself." *Cottrell v. United States*, 42 Fed.Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal-the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir. 2005); *see also Doe v. United States*, 74 Fed.Cl. 794, 796 (2006).

As suggested above, plaintiff has adopted a "kitchen sink" approach by asserting numerous and random conclusory claims, making blanket statements of both fact and law, and including various statutory and case citations, which do not support plaintiff's allegations. In response, defendant argues that the complaint does not name a proper defendant for filing suit in this court, the complaint does not allege a claim which is within this court's jurisdiction, and that the plaintiff does not plead a substantive source of law that creates a right to recover money damages from the United States.

As noted above, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d at 723; *see also Bradley v.*

*Chiron Corp.*, 136 F.3d at 1322 (noting, in discussion of motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), that "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim"). In order to survive a motion to dismiss for failure to state a claim, the factual allegations set forth in the complaint "must be enough to raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004). As stated in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Even providing this pro se plaintiff a liberal construction regarding his pleadings, the court finds insufficient basis for jurisdiction in this court.

In the first place, as discussed above, neither the United States nor any of its employees are among the defendants named by plaintiff. In addition, the United States Court of Appeals for the Federal Circuit expressly has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the United States Constitution. *See Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995)) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); *see also Hampel v. United States*, 97 Fed.Cl. 235, 238 (2011). Because plaintiff's constitutional claims based upon the Due Process Clause are not money mandating, they are outside the jurisdiction of this court.

Additionally, plaintiff raises allegations of improper incarceration and that he has lost standing in the community, embarrassment caused by the incarceration, including "torture of body and mind," as well as other alleged tortious conduct by the defendants against Mr. Dyck or against the various trusts he names. Not only are no particular federal officials implicated by the allegations

in plaintiff's complaint, but the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343; *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir. 1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir.1997); *Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.) *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Woodson v. United States,* 89 Fed.Cl. 640, 650 (2009); *McCullough v. United States,* 76 Fed.Cl. 1, 3 (2006), *appeal dismissed,* 236 Fed.Appx. 615 (Fed. Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007); *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed.Cir.2006). Therefore, this court does not have jurisdiction to hear Mr. Dyck's claims sounding in tort.

The Court of Federal Claims also does not possess jurisdiction over criminal cases. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994) (noting the "specific civil jurisdiction" of the Court of Federal Claims); *see also Mendes v. United States,* 88 Fed.Cl. 759, 762, *appeal dismissed,* 375 Fed.Appx. 4 (Fed.Cir.2009); *Matthews v. United States,* 72 Fed.Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), *recons. denied,* 73 Fed.Cl. 524 (2006). To the extent Mr. Dyck raises any allegations related to his detention or incarceration, those claims also are outside the court's jurisdiction.

Finally, defendant argues that the complaint should be dismissed because the trusts have not retained counsel. The complaint allegedly was filed on behalf of the trusts by Mr. Dyck. The Rules of the United States Court of Federal Claims specifically provide that "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court." RCFC 83.1(a)(3) (2010); *see also Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel"); *Talasila, Inc. v. United States,* 240 F.3d 1064, 1066 (Fed.Cir.2001) (holding that a corporation must be represented by counsel in the Court of Federal Claims even in cases of severe financial hardship). Mr. Dyck signed the complaint as "trustee of all Trusts being presented." Therefore, even were Mr. Dyck to have filed a claim within the jurisdiction of this court, which he has not, Mr. Dyck would need to retain counsel to represent the trusts in this action.

In sum, it is unclear from plaintiff's complaint what he is alleging, who are the defendants he seeks to sue, or what is the legal basis upon which plaintiff is entitled to relief from this court. Even when viewed through the most deferential light, after consideration of the plaintiff's filings, plaintiff fails to raise claims within the jurisdiction of this court.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED.** Plaintiff's complaint is **DISMISSED,** with prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**