NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA M. BARBER,
AKA SAMUEL'S ENVI~ON INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5131

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00511-LB, Judge Lawrence J. Block.

---

Decided: February 8, 2016

---

DONNA M. BARBER, Johnstown, PA, pro se.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by FRANKLIN E. WHITE, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before PROST, *Chief Judge,* NEWMAN and STOLL, *Circuit Judges.*

PER CURIAM.

Donna M. Barber appeals the final judgment of the United States Court of Federal Claims ("Claims Court") dismissing her case for lack of jurisdiction. For the reasons discussed below, we affirm.

## BACKGROUND

In May 2015, Ms. Barber filed a complaint in the Claims Court alleging violations of a number of federal statutes, including the Tucker Act. She alleged that Pennsylvania state officials engaged in a variety of illegal acts, including unlawful imprisonment, slander, bullying, harassment, and oppression, among other allegations.

The Claims Court sua sponte dismissed Ms. Barber's action after concluding that it lacked jurisdiction to hear her claims. The Claims Court determined that Ms. Barber had failed to identify any money-mandating source of law to serve as a basis for Tucker Act jurisdiction. The Claims Court further concluded that, although Ms. Barber had named the United States General Services Administration as a co-defendant, none of the allegations made by Ms. Barber properly implicated any United States official. Ms. Barber now appeals to this court.

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *See Kam-Almaz v. United States,* 682 F.3d 1364, 1368 (Fed. Cir. 2012). Because Ms. Barber is a pro se litigant, we hold her filings to "less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). However, even a pro se litigant "bears the burden of proving that the Court of Federal Claims possessed

jurisdiction over [her] complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

The Claims Court derives its jurisdiction from the Tucker Act, which gives the court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000).

The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398 (1976). "Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan*, 201 F.3d at 1377. Thus, a Tucker Act plaintiff "must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *James v. Caldera,* 159 F.3d 573, 580 (Fed. Cir. 1998).

We conclude that the Claims Court correctly determined that it lacked jurisdiction over Ms. Barber's appeal. In her complaint, Ms. Barber asserted diversity jurisdiction as the basis for the Claims Court's jurisdiction over her claims. But as stated above, the Claims Court's jurisdiction is defined by statute to extend only to claims for monetary damages against the United States. 28 U.S.C. § 1491(a)(1). Diversity jurisdiction thus does not provide a basis for jurisdiction in the Claims Court. *See Dyck v. Albertelli Law*, 98 Fed. Cl. 624, 627 (2011).

On appeal, Ms. Barber argues that the Claims Court erred in failing to consider all of the facts, but she has not identified any particular facts that were not considered. She also contends that the Claims Court applied the wrong law and asserts that the correct law is "state law in [her] original filing" and other "suited laws . . . outlined" by the parties. *See* Appellant's Informal Br. 1. None of the Federal statutes that Ms. Barber cites in her complaint, however, are "money-mandating" sources of law, as required for jurisdiction under the Tucker Act. Ms. Barber's claims for harassment and slander sound in tort, and the Tucker Act specifically excludes tort claims from the Claims Court's jurisdiction. 28 U.S.C. § 1491(a)(1); *Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) ("The Tucker Act expressly excludes from the Claims Court's jurisdiction tort claims against the government."). Ms. Barber's unlawful imprisonment claim also does not establish jurisdiction because recovery in the Claims Court for false imprisonment requires a conviction and subsequent reversal or pardon, 28 U.S.C. §§ 1495, 2513, and Ms. Barber has not indicated that either has occurred. Because Ms. Barber has not identified any money-mandating source of law to serve as a basis for Tucker Act jurisdiction, the Claims Court properly dismissed her appeal.

For the foregoing reasons, we affirm the Board's decision.

## AFFIRMED

### COSTS

Each party shall bear their own costs.