# In the United States Court of Federal Claims

Nos. 20-1496, 20-1521, 20-1563 (consolidated)

(Filed: January 19, 2021)

(NOT FOR PUBLICATION )

|  |  |
|---|---|
| **GENE EDWARD SCOTT, II**, | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **THE UNITED STATES,** | ) |
|  | ) |
| **Defendant.** | ) |

Gene Edward Scott, II, *pro se*, Phoenix, Arizona

Christopher Loren Harlow, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the United States. With him on briefs were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Claudia Burke, Assistant Director, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff, Mr. Gene Edward Scott, II, filed three actions in this court on October 27, 2020, October 30, 2020, and November 2, 2020, respectively, describing various conversations and altercations that he alleges give rise to his claims for damages. *See* Compl. in No. 20-1496C; Compl. in No. 20-1521C; Compl. in No. 20-1563C. Mr. Scott seeks damages of "$1 Gillion," "$1 zillion for covering the Mexico City huge pit," and "$100 Billion" to build a college, among other things. *See* Compl. in No. 20-1496C at 5; Compl. in No. 20-1521C at 3; Compl. in No. 20-1563C at 5. Mr. Scott cites various grounds for jurisdiction in this court, including the Tucker Act, 28 U.S.C. § 1491, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the

United States Constitution, the Civil Rights Act of 1964, and diversity of citizenship. Compl. in No. 20-1496C at 3; Compl. in No, 20-1521C at 2; Compl. in No. 20-1563C at 2-3.[1]

On December 16, 2020, defendant filed a motion to consolidate the three cases and to dismiss. S*ee* Def.'s Mot. to Consolidate & Dismiss, ECF No. 9. The court subsequently consolidated the cases. S*ee* Order of December 16, 2020, ECF No. 10. In its motion to dismiss, defendant argues that the cases should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Def.'s Mot. at 1. Specifically, defendant argues that plaintiff's claims are "not based on an express or implied-in-fact contract with the United States, or a money-mandating provision of law, as required by the Tucker Act." *Id.*

Because the court does not have jurisdiction over plaintiff's claims, defendant's motion to dismiss is GRANTED, and plaintiff's complaints are DISMISSED.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should . . . [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

As plaintiff, Mr. Scott must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing

---

[1] Plaintiff filed three motions on January 5, 2021, and one motion on January 14, 2021, seeking ancillary relief and remedies. *See* Mot. for Marshall Service & Compl., ECF No. 16; Mot. to Reopen Case, ECF No. 17; Mot. to Reopen Case to Due to Lost Mail, ECF No. 18; Mot. for Additional Service, ECF No. 20.

*Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[2] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

In its motion to dismiss, the government contends that "the relief [Mr. Scott] seeks is not based on an express or implied-in-fact contract with the United States, or a money-mandating provision of law as required by the Tucker Act." Def.'s Mot. at 1. Accepting as true all allegations made by plaintiff in his complaints, the court concurs. Mr. Scott does not allege a contractual relationship with the United States. The facts alleged by Mr. Scott in the three complaints, taken together, do not rise to the requisite level of specificity to establish a taking claim under the Fifth Amendment. *See Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."). Additionally, the other constitutional provisions cited by plaintiff either "do not obligate the Federal Government to pay money damages" and thus are not money-mandating, *Carruth v. United States*, 224 Ct. Cl. 422, 445 (1980); *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment), or do not apply to the federal government, *see* U.S. Const. Amend. XIV. Further, diversity jurisdiction does not provide a basis for jurisdiction in the Court of Federal Claims. *See Barber v. United States*, 636 Fed. Appx. 1009, 1010 (Fed. Cir. 2016) (citing *Dyck v. Albertelli Law*, 98 Fed. Cl. 624, 627 (2011)). Therefore, because Mr. Scott has failed to state a claim under the Fifth Amendment, and the court lacks jurisdiction to adjudicate plaintiff's other claims, the court is required to dismiss the actions.

---

[2] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). This leniency, however, cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary*, *United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED and plaintiff's three complaints are DISMISSED.[3] The Clerk shall enter judgment in accord with this disposition.

No costs.

**IT IS SO ORDERED.**

 s/Charles F. Lettow         
Charles F. Lettow
Senior Judge

---

[3] Mr. Scott's ancillary motions are DENIED as unavailing in light of the court's lack of jurisdiction.